**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| RUSSELL D. ROWE | CIVIL ACTION |
| VERSUS | |
| ALPHONSO GROSS, II, WILEY SANDERS TRUCK LINES, INC. AND HUDSON INSURANCE COMPANY | NO. 19-102-SDD-EWD |

**NOTICE AND ORDER**

This is a civil action involving claims for damages asserted by Russell D. Rowe ("Plaintiff") based upon the injuries he allegedly sustained on February 23, 2018 in a motor vehicle accident that occurred in West Baton Rouge Parish, Louisiana when the tractor-trailer driven by Defendant Alphonso Gross, II ("Gross") rolled backwards and struck the front of Plaintiff's vehicle (the "Accident").[1] On January 18, 2019, Plaintiff filed his Petition for Damages ("Petition") against Gross; Gross's employer, Wiley Sanders Truck Lines, Inc. ("Wiley"); and the insurer of Gross's vehicle, Hudson Insurance Company ("Hudson") (collectively, "Defendants") in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, wherein Plaintiff alleges that he suffered personal injuries due to Gross's negligence in causing the Accident. Plaintiff also alleges that Wiley is vicariously liable for Gross's misconduct because Gross was in the course and scope of his employment at the time of the Accident.[2] On February 15, 2019, Defendants removed the matter[3] to this Court, alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4] However, Defendants have not shown that complete diversity exists

---
[1] R. Doc. 1-2, ¶¶ 2-4.
[2] R. Doc. 1-2, ¶¶ 5-6, 8-11.
[3] Defendants represent that Gross has been served, and all three Defendants have authorized removal. R. Doc. 1, ¶¶ 22-23.
[4] R. Doc. 1, ¶ 7.

because their citizenship allegations are deficient, and have also not shown that the amount in controversy is met, as set forth below.

**Complete Diversity**

Paragraph 8 of the Notice of Removal states that "Plaintiff alleges he is a citizen of Louisiana, and Defendants have no reason to dispute that allegation."[5] However, Plaintiff's Petition does not contain such an allegation; rather, the Petition's introductory paragraph reflects that Plaintiff alleged that he is a "resident" of Louisiana.[6] Furthermore, Paragraph 11 alleges that "Mr. Gross was at the time of the filing of the Petition for Damages and still is a resident of Alabama."[7]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. § 1332. Citizenship has been properly alleged as to Wiley and Hudson in the Notice of Removal.[8] However, it is not clear that the parties are diverse because citizenship has not been adequately alleged as to Plaintiff and Defendant Gross.

With respect to Plaintiff and Defendant Gross, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[9] Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[10] Thus, to properly allege the citizenship of an individual, a party must identify the individual's domicile. Accordingly,

---

[5] R. Doc. 1, ¶ 8.
[6] R. Doc. 1-2, introductory paragraph.
[7] R. Doc. 1, ¶ 11.
[8] *See* R. Doc. 1, ¶ 10 alleging that Wiley is an Alabama corporation with its principal place of business in Alabama, and *id*. at ¶ 12 alleging that Hudson is a foreign insurance company that is a Delaware corporation with its principal place of business in New York.
[9] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[10] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996) (*citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608, 104 L.Ed.2d 29 (1989)).

Defendants must properly identify the citizenship of Plaintiff and Defendant Gross, *i.e.,* their domiciles.

**Amount in Controversy**

Proper information regarding the amount in controversy is also necessary to establish the Court's diversity jurisdiction. It is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interests and costs, as required by 28 U.S.C. § 1332. Plaintiff's Petition merely alleges that he "sustained personal injuries which have caused him substantial pain and suffering as a result of this crash" and he sustained the following elements of damages: past, present, and future: physical pain and suffering, mental anguish, loss of enjoyment of life, and medical expenses, as well as disfigurement and disability, and other elements of damages developed during discovery or at trial, with legal interest and costs.[11] However, pleading only general injuries and general categories of damages is insufficient to establish that the federal jurisdictional minimum is reached.[12] "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[13]

Defendants further rely on the lack of an allegation by Plaintiff in his Petition that his damages do not exceed the federal jurisdictional minimum as required by La. C.C.P. art.

---

[11] R. Doc. 1-2, ¶¶ 6, 9, and prayer for relief.
[12] *See Davis v. JK & T Wings, Inc.*, Civ. No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.
[13] *See Anderson v. Swift Transportation Company of Arizona, LLC*, No. 18-13, 2018 WL 3341822, at *3 (M.D. La. June 4, 2018) (*quoting Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (*citing Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002).

893(A)(1);[14] however, this Court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy."[15]

The Notice of Removal alleges that the foregoing, which is insufficient as explained above, coupled with Plaintiff's medical records received prior to suit, establish that the amount in controversy is met.[16] Defendants specifically point to Plaintiff's past and future medical expenses of $33,548.79 for treatment by several different providers for injuries, including pain in his neck, back (*e.g.*, several disc bulges and herniations and spinal canal narrowing) and left ankle; and, for procedures, including x-rays, MRIs, chiropractic visits, facet joint injections, and recommendations for cervical epidural steroid injections and radio frequency ablations.[17] Defendants assert that this Court's decisions denying remand in *Johnson v. Sentry Select Ins. Co.*[18] and *Thibodeaux v. Geico,*[19] which featured analogous injuries (*i.e.*, neck pain, back pain, disc bulges and herniations, and injections) and medical expenses (approximately $33,000-$45,000), provide support for their position that the amount in controversy is met herein. However, those cases are factually distinguishable on an important point; that is, the removing defendants in

---

[14] Louisiana Code of Civil Procedure Article 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages…a general allegation that the claim exceeds or is less than the requisite amount is required."

[15] *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007). *See also Haydel v. State Farm Mut. Auto. Ins. Co.*, No. 07-939, 2008 WL 2781472, at *5 (M.D. La. July 11, 2008) ("This Court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional determination.") (*citing Weber*); *Machinery Paver Sales, Inc. v. Bomag Americas, Inc.*, No. 06-697, 2007 WL 2900489, at *3 (M.D. La. Oct. 1, 2007).

[16] R. Doc. 1, ¶ 14.

[17] R. Doc. 1, ¶¶ 16-20 *citing* R. Docs. 1-3 through 1-7.

[18] R. Doc. 1, ¶ 21 *citing Johnson v. Sentry Select Ins. Co*., No. 17-1626-SDD-EWD, 2018 WL 4512190 (M.D. La. July 6, 2018).

[19] R. Doc. 1, ¶ 21 *citing Thibodeaux v. GEICO Advantage Ins. Co.,* No. 16-158-JWD-EWD, 2016 WL 4055660 (M.D. La. July 8, 2016), *report and recommendation adopted*, No. 16-158-JWD-EWD, 2016 WL 4033981 (M.D. La. July 26, 2016).

*Johnson* and *Thibodeaux* provided evidence of pre-removal settlement demands by the plaintiffs demanding amounts far greater than $75,000.[20] As noted in *Johnson*, "this court has previously held that the amount sought in a pre-removal settlement demand letter 'is valuable evidence to indicate the amount in controversy at the time of removal.'"[21] Defendants herein have not indicated whether Plaintiff has made any settlement demands in this case, or any other evidence aside from the medical records that would indicate that the amount in controversy requirement is met (*i.e.*, stipulations, evidence of lost wages, discovery admissions, etc.).

It is thus unclear from the Petition and the Notice of Removal whether there is complete diversity among the parties and whether the amount in controversy is satisfied. Although Plaintiff has not filed a Motion to Remand in this case, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[22]

Accordingly,

**IT IS HEREBY ORDERED** that **on or before Friday, March 8, 2019**, Defendants Alphonso Gross, II, Wiley Sanders Truck Lines, Inc., and Hudson Insurance Company shall file a Motion to Substitute the Notice of Removal with a comprehensive Amended Notice of Removal that adequately alleges the citizenship of Plaintiff Russell D. Rowe and Defendant Alphonso Gross.

**IT IS FURTHER ORDERED** that **on or before Friday, March 8, 2019**, Alphonso Gross, II, Wiley Sanders Truck Lines, Inc., and Hudson Insurance Company shall file a

---

[20] *See Johnson*, 2018 WL 4512190 at *7 (initial demand for the insurance policy limits) *and Thibodeaux*, 2016 WL 4055660 *2 (demand for one million).

[21] *Johnson*, 2018 WL 4512190 at *7 *citing Leonard v. Sentry Select Insurance Company*, No. 15-675, 2016 WL 1393382, at *3 (M.D. La. Mar. 11, 2016), *report and recommendation adopted*, No. 15-675, 2016 WL 1369397 (M.D. La. Apr. 6, 2016), *citing Fairchild v. State Farm Mut. Auto. Ins. Co.*, No. 95-189, 907 F.Supp. 969, 971 (M.D. La. Nov. 30, 1995).

[22] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that **on or before Thursday, March 21, 2019**, Plaintiff shall file either: (1) a Notice stating that Plaintiff agrees that Defendants have established, by a preponderance of the evidence, that the amount in controversy likely exceeds $75,000.00;[23] or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, February 27, 2019.

                                    **ERIN WILDER-DOOMES**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[23] *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).